**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SHANEE MARIE HAIRSTON, | No. 19-16900 |
| Plaintiff-Appellant, | D.C. No. 3:18-cv-02809-RS |
| v. | |
| ANDREW M. SAUL, Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Richard Seeborg, District Judge, Presiding

Submitted October 23, 2020**
San Francisco, California

Before: HAWKINS, N.R. SMITH, and R. NELSON, Circuit Judges.

Shanee Hairston appeals the district court's order affirming the

Commissioner of Social Security's denial of disability benefits. We have

jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

"We review the district court's decision sustaining the [Administrative Law Judge's ("ALJ")] denial of social security benefits de novo and can reverse only if the ALJ's findings are based on legal error or are not supported by substantial evidence in the record." *Attmore v. Colvin*, 827 F.3d 872, 875 (9th Cir. 2016).

1.      Substantial evidence supports the ALJ's evaluation of the medical evidence. The ALJ offered "specific and legitimate reasons that are supported by substantial evidence in the record" for rejecting Dr. Forman's and Dr. Tsang's contradicted opinions. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008). The ALJ properly found that both opinions were inconsistent with the record as a whole. 20 C.F.R. § 416.927(c)(4) ("Generally, the more consistent a medical opinion is with the record as a whole, the more weight we will give to that medical opinion.").

Further, the ALJ properly discounted the opinions because they were based on an impairment that could be effectively controlled with medication. *See Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for SSI benefits.").

Additionally, the ALJ properly noted that Dr. Tsang only had three appointments with Hairston before providing the severe limitations opinion. *See* 20

C.F.R. § 416.927(c)(2)(i) ("Generally, the longer a treating source has treated [the claimant] and the more times [the claimant] ha[s] been seen by a treating source, the more weight [the ALJ] will give to the source's medical opinion.").

2.    The ALJ did not err in discounting Hairston's testimony, because the ALJ offered "specific, clear and convincing reasons" supported by substantial evidence. *See Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017) (quoting *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014)).

First, "evidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding severity of an impairment." *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007) (citation omitted). Second, "[c]ontradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony." *Carmickle*, 533 F.3d at 1161. Here, the ALJ highlighted various doctors' opinions that contradicted Hairston's subjective claims. *See id.*

3.    The ALJ did not err by failing to specifically include in the Residual Functional Capacity ("RFC") and the hypothetical question to the vocational expert the finding that Hairston had moderate difficulties in maintaining concentration, persistence, and pace. We have held that an ALJ is able to adequately capture a restriction related to concentration, persistence, or pace where the RFC is consistent with restrictions identified in the medical testimony. *Stubbs-Danielson*

*v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008). Here, the ALJ found that, despite Hairston's moderate limitations in concentration, persistence, and pace, she is able to perform "a full range of work at all exertional levels" with a "limitation to simple, repetitive tasks and preclusion to public contact." The limitation to simple repetitive tasks adequately accounted for Hairston's moderate limitations in concentration, persistence, and pace. *See id.*

Additionally, this finding is supported by the medical evidence. The State agency non-examining psychologist, Dr. Hawkins, concluded that Hairston could perform simple, repetitive tasks, despite her moderate limitations in concentration, persistence, and pace. Further, as detailed above, the ALJ did not err in its analysis of the medical evidence leading to the determination that Hairston could perform simple repetitive tasks.

4.      The ALJ's RFC and step-five findings are supported by substantial evidence, because the ALJ reasonably weighed the record evidence and reasonably accounted for all of Hairston's limitations. Hairston's arguments to the contrary are simply derivative of her preceding arguments addressed and rejected above. Thus, Hairston's arguments fail. *See id.* at 1175–76.

**AFFIRMED.**